THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

August 5, 1966

Mr. D. C. Greer
State Highway Engineer
Texas Highway Department
Austin, Texas

Opinion No. C-735

Re: Whether those portions
    of Sections 24 and 35
    of the Certificate of
    Title Act, V.P.C.,
    1436-1, relating to
    rights of survivor-
    ship agreements are
    unconstitutional?

Dear Mr. Greer:

You have requested an opinion of this office on the following question:

"Are those portions of Section 24 and 35 of the Certificate of Title Act, V.P.C. 1436-1, relating to rights of survivorship agreements unconstitutional?"

Section 24 of Article 1436-1, Vernon's Penal Code, provides in part:

"The term 'Certificate of Title' means a written instrument which may be issued solely by and under the authority of the department, (State Highway Department) and which must give the following data together with such other data as the department my require from time to time:

" . . .

"(j) A statement indicating 'rights of survivorship' when an agreement providing that the motor vehicle is to be held between a husband and his wife jointly with the interest of either spouse who dies to survive to the surviving spouse is surrendered with the application for certificate of title. This agreement is valid only if signed by both husband and wife and, if signed, the certificate shall

-3551-

be issued in the name of both." As amended
Acts 1965, 59th Leg., p.1514, ch.658, §1.

and Section 35 provides in part:

"Whenever the ownership of a motor vehicle
registered or licensed within this state is
transferred by operation of law, as upon in-
heritance, devise or bequest, bankruptcy, re-
ceivership, judicial sale, or any other involun-
tary divestiture of ownership, the department
shall issue a new certificate of title upon being
provided with a certified copy of the order
appointing a temporary administrator or of the
probate proceedings, or letters testamentary or
of administration, if any . . . If an agreement
providing for right of survivorship is signed
by the husband and wife, upon the death of either
spouse the department shall issue a new certificate
of title to the surviving spouse upon being
provided with a copy of the death certificate
of the deceased spouse."As amended Acts 1965,
59th Leg., p.1514, ch.658, §2.

Section 46 of the Texas Probate Code prior to
its amendment in 1961 was similiar to the present sections
under consideration. That section prior to the 1961
amendment read as follows:

"Where two or more persons hold an estate,
real, personal, or mixed, jointly, and one joint
owner dies before severance, his interest in
said joint estate shall not survive to the re-
maining joint owner or joint owners, but shall
descend to, and be vested in, the heirs or legal
representatives of such deceased joint owner in
the same manner as if his interest had been
severed and ascertained. Provided, however,
that by an agreement in writing of joint owners
of property, the interest of any joint owner
who dies may be made to survive to the surviving
joint owner or joint owners, but no such agree-
ment shall be inferred from the mere fact that
the property is held in joint ownership."

Upon consideration of Section 46, the Court
in Hilley v. Hilley, 191 Tex. 569, 342 S.W.2d 565, (1961),
found that it was unconstitutional only insofar as it
attempted to effectuate a partition of community pro-
perty between spouses. The Court in that case held that

separate property of spouses may be the subject of joint tenancy between them with the right of survivorship, but not community property

In a later case upholding a joint tenancy between spouses with right of survivorship, the Court in Davis v. East Texas Savings and Loan Association, 163 Tex 361, 354 S.W.2d 926, (1962), held that the Hilley case did not govern the situation where separate property was the subject of the joint tenancy with right of survivorship. Also see Nix v. Davis, 358 S.W.2d 225 (Tex. Civ. App. 1962).

The recent case of Williams v. McKnight, 402 S.W.2d 505, (Tex. Sup. 1966), construed the 1961 amendment to Section 26 of the Probate Code which was enacted following the Hilley case. The amendment reads as follows:

"... It is specifically provided that any husband and his wife may, by written agreement, creat a joint estate out of their community property, with rights of survivorship."

The Court held in part:

"The amendment attempts to authorize spouses to creat a joint estate with rights of survivorship 'out of their community property.' In Hilley, we stated the reasons that this result could not constitutionally be accomplished, and those reasons are as valid after the amendment as they were before. Constitutional limitations are as binding upon the Legislature as they are upon the Judiciary."

In neither the Hilley case nor the Williams case did the Court hold that the provision providing for the creation of a joint tenancy with right of survivorship as provided in Section 46 was unconstitutional as to property other than community property. To the contrary, both cases recognize that spouses may create such a joint tenancy with rights of survivorship as long as they do not use community property. The Williams case held as unconstitutional an amendment which authorized the spouses by mere agreement to transmute community property into a joint tenancy with right of survivorship. The amendment was held wholly unconstitutional since it applied strictly to community property. Consequently, Sections 24 and 35 of the Certificate of Title Act, as amended by Senate

Bill 58, Acts of the 59th Legislature, Regular Session, 1965, Chapter 658, applies to all classes of property. Senate Bill 58 is valid as applied to separate property. As applied to community property, it is only invalid insofar as the amendment attempts to authorize spouses to create a joint estate with rights of survivorship out of their community property. This invalidity does not prevent the issuance of Certificates of Title containing the statements provided for therein, but merely prevents this method being used as an attempt to creat a joint estate with rights of survivorship out of community property.

## SUMMARY

Sections 24 and 35 of the Certificate of Title Act, as amended by Senate Bill 58, Acts of the 59th Legislature, Regular Session, 1965, Chapter 658, applies to all classes of property. Senate Bill 58 is valid as applied to separate property. As applied to community property, it is only invalid insofar as the amendment attempts to authorize spouses to creat a joint estate with rights of survivorship out of their community property. This invalidity does not prevent the issuance of Certificates of Title containing the statements provided for therein, but merely prevents this method being used as an attempt to create a joint estate with rights of survivorship out of community property.

Very truly yours,

WAGGONER CARR
Attorney General

By: Wade Anderson

Wade Anderson
Assistant

WA:dh:wy

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Marietta Payne
John Reeves
W. O. Shultz
Terry Goodman

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. WRIGHT